Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone:    202-257-3720
E-mail:          ken@motosalaslaw.com

Randall Garteiser (TX Bar No. Texas Bar No. 24038912) (*pro hac vice* to be forthcoming)
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999
rgarteiser@ghiplaw.com
litigation@ghiplaw.com
*Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wyoming Intellectual Property Holdings, LLC, <br><br> Plaintiff, <br><br> v. <br><br> K-Motion Interactive, Inc., <br><br> Defendant. | No. _____ <br><br> **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** |

Wyoming Intellectual Property Holdings, LLC ("Plaintiff" and/or "WIPH") files this complaint against K-Motion Interactive, Inc. ("Defendant" and/or "K-Motion") for infringement of U.S. Patent No. 10,565,888 ("the '888 Patent") and alleges as follows:

## THE PARTIES

1.     Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2. Upon information and belief, Defendant is a company organized and existing under the laws of the State of Delaware and has a principal place of business at 16419 North 91st St., Scottsdale, Arizona 85260. Upon information and belief, Defendant can be served with process upon Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

7. Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) and 1391(c) because it has maintained established and regular places of business in this District and has committed acts of patent infringement in the District from those regular and established places of business. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017). *See* Figures 1 and 2 below.

/  /  /
/  /  /
/  /  /
/  /  /
/  /  /
/  /  /



K-Motion Interactive, Inc.
16419 North 91st St
Suite A100
Scottsdale, AZ 85260

View K-Motion's Terms of Use – www.k-motion.com/terms-of-use.

Figure 1
(source: https://www.k-motion.com/privacy-policy/)

Figure 2
(source: Google Maps)

**PATENT-IN-SUIT**

8. On July 5, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '888 Patent, entitled "Instruction Production." The '888 Patent is attached as Exhibit A.

9. Plaintiff is the sole and exclusive owner, by assignment, of the '888 Patent.

10. Plaintiff possesses all rights of recovery under the '888 Patent, including the exclusive right to recover for past, present and future infringement.

11. The '888 Patent contains twenty claims including three independent claims (claims 1, 5 and 17) and seventeen dependent claims.

12. The priority date of the '888 Patent is at least as early as February 17, 2013. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

13. Plaintiff alleges infringement on the part of Defendant of the '888 Patent.

14. The '888 Patent teaches systems and methods for identifying a difference between an actual action of a user and a standard action for the user, and for producing an instruction to instruct the user to change from the action of the user to the standard action for the user. The systems and methods of the '888 Patent can be used to monitor how a golfer swings his or her golf club, automatically compare the golfer's swing against a preferred golf swing (such as the swing of a professional golfer), and produce an instruction to the golfer. *See* '888 Patent, Abstract and 2:43-54. In some embodiments, the systems and methods take into account the physical health and/or the physical attributes of the user. *See* '888 Patent, 16:11-45.

15. The '888 Patent was examined by Primary United States Patent Examiner Jerry-Daryl Fletcher. During the examination of the '888 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: G09B 5102 (2013.01).

16. After conducting a search for prior art during the examination of the '888 Patent, the United States Patent Examiner identified and cited 261 U.S. patents, 82 published U.S. patent applications, and the following articles:

(1) Tony Olivero, Say Goodbye to Boxing Judges, Jun. 25, 2012, http://online.wsj.com/article/SB1000 1 424052702304782404577488863709341 728.hlml; and

(2) Associated Press, Tiger Woods swing app available, Mar. 23, 2011, http://sports.espn.go.com/golf/news/story?id=6249863, Orlando, Florida; Tony Olivero, Say Goodbye to Boxing Judges, Jun. 25, 2012, http://online.wsj .com/article/SB1000 l 424052702304782404577488863709341 728.html.

17. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '888 Patent to issue. In so doing, it is presumed that Examiner Fletcher used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Fletcher had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '888 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '888 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Fletcher.

18. The claims of the '888 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

19. The nominal expiration date for the claims of the '888 Patent is no earlier than July 8, 2034.

## COUNT I

### (Infringement of United States Patent No. 10,565,888)

20. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 19, the same as if set forth herein.

5

21.    This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

22.    Defendant has knowledge of its infringement of the '888 Patent, at least as of the service of the present complaint.

23.    The '888 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24.    Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claims 5 and 8-11, of the '888 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the K-Player Motion Learning System, that measures movement data of the user/client with the help of sensors to provide fitness evaluation data to the K-Coach evaluation tool ("Products"), which infringe at least Claims 5 and 8-11 of the '888 Patent. Defendant has infringed and continues to infringe the '888 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

25.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 5 and 8-11, of the '888 Patent, by having its employees internally test and use these exemplary Products.

26.    The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

27.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claims 5 and 8-11, of the '888 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claims 5 and 8-11, of the '888 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

28. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '888 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claims 5 and 8-11, of the '888 Patent.

29. Exhibit B includes at least one chart comparing the exemplary Claims 5 and 8-11 of the '888 Patent to Defendant's exemplary Products. As set forth in this chart, the Defendant's exemplary Products practice the technology claimed by the '888 Patent. Accordingly, the Defendant's exemplary Products incorporated in this chart satisfy all elements of the exemplary Claims 5 and 8-11 of the '888 Patent.

30. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

31. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

32. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

33. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

34. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2. Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States

Patent No. 8,617,888 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

3. Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284; and

4. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

RESPECTFULLY SUBMITTED this 7th day of December, 2023.

MotoSalas Law, PLLC:

By: */s/Kenneth M. Motolenich-Salas*
Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone:   202-257-3720
E-mail:   ken@motosalaslaw.com

Randall Garteiser (*pro hac vice* to be forthcoming)
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
litigation@ghiplaw.com
GARTEISER HONEA, PLLC
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999
*Attorneys for Plaintiff Wyoming Intellectual Property Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2023, I electronically transmitted the foregoing document and all exhibits thereto to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

By: */s/ Kenneth M. Motolenich-Salas*